# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 13-10731
Summary Calendar

February 25, 2014

Lyle W. Cayce
Clerk

In the Matter of:  PIONEER AUSTIN EAST DEVELOPMENT I, LIMITED

Debtor

-----------------------------------------------------------

LIBERTY BANKERS LIFE INSURANCE COMPANY,

Appellant

v.

GRENCORP MANAGEMENT, INCORPORATED; PIONEER 40, L.L.C.;
PIONEER AUSTIN EAST DEVELOPMENT IC, LIMITED

Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2626

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This appeal boils down to a lien-priority dispute with respect to a forty-acre parcel of land located in Travis County, Texas ("the disputed property"). Grencorp Management, Inc. ("Grencorp") obtained liens on the disputed property via two deeds of trust, which the company recorded in 2007. Liberty Bankers Life Insurance Co. ("Liberty Bankers") claims an interest in the property, in the form of an equitable lien, but acknowledges that the deed of trust it recorded in 2006 did not include a description of the disputed property. Each party sought a declaratory judgment that its lien had priority, and both parties filed competing summary-judgment motions. On *de novo* review of the bankruptcy court's proposed findings of fact and conclusions of law, the district court accepted the findings and conclusions and granted summary judgment in favor of Grencorp and denied summary judgment to Liberty Bankers. For the reasons that follow, we AFFIRM.

## BACKGROUND

In December 2005, Grencorp obtained liens on the disputed property by an assignment of deeds of trust, which were made to secure two promissory notes. Pioneer Austin East Development IC, Ltd. ("Pioneer Austin") initially gave the deeds of trust to TOM 2003-1 Master Limited Partnership ("TOM LP") in October 2003. In December 2005, TOM LP assigned the deeds of trust and related notes to Grencorp. In August 2007, Grencorp recorded the deeds of trust.

Liberty Bankers claims that it holds an equitable lien on the property as a successor to American Reserve Life Insurance Co. ("ARLIC"). In June 2006, ARLIC made a loan to Pioneer Austin. Liberty Bankers asserts that ARLIC and Pioneer Austin intended to secure the loan with the disputed property.[1]

---

[1] Liberty Bankers explained that the purportedly faulty description was the result of an oversight by the title company that handled the closing of the ARLIC–Pioneer Austin transaction.

No. 13-10731

However, the deed of trust for that transaction, recorded also in June 2006, did not include a description of that property and instead described a different parcel of land located in Travis County, distinct from the disputed property. In October 2007, Liberty Bankers attempted to fix the allegedly faulty description by filing a corrected deed of trust.

Before the bankruptcy court, both parties moved for summary judgment, and, pursuant to 28 U.S.C. § 157(c)(1),[2] the bankruptcy court made proposed findings of fact and conclusions of law. Specifically, the bankruptcy court concluded that Grencorp's recorded lien was superior to any equitable lien that Liberty Bankers may hold. On October 5, 2011, Liberty Bankers moved the district court for *de novo* review of the bankruptcy court's proposed findings of fact and conclusion of law. The district court accepted the bankruptcy court's findings and granted Grencorp's motion for summary judgment and denied Liberty Banker's competing motion for summary judgment.

## STANDARD OF REVIEW

"This court reviews the bankruptcy court's grant of summary judgment *de novo*, using the same standard employed by the district court." *Shcolnik v. Rapid Settlements Ltd. (In re Shcolnik)*, 670 F.3d 624, 627 (5th Cir. 2012). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When determining whether a fact issue exists, we view "the

---

[2] That section provides:

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

No. 13-10731

facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

## DISCUSSION

"The general rule is that in a contest over rights or interests in property, the party that is first in time is first in right." *Nat'l City Bank v. Tex. Capital Bank, N.A.*, 353 S.W.3d 581, 585 (Tex. App. 2011). Section 13.001 of the Texas Property Code, however, has supplanted this common law rule in certain instances. That section provides that "[a] conveyance of . . . an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law." TEX. PROP. CODE § 13.001(a). "Although the statute by its terms renders void the unrecorded deed as against 'creditors,' courts interpret this to mean specifically creditors who have acquired liens without notice of the competing deed." *Omohundro v. Jackson*, 36 S.W.3d 677, 682 (Tex. App. 2001). Moreover, "a creditor's lien takes precedence over a prior unrecorded deed, unless the creditor has notice of the deed at or before the time his lien is fixed upon the land." *Id.*

In the present case, it is undisputed that Grencorp acquired a lien in the disputed property and did so without notice of any prior recorded deed. After all, Liberty Bankers acknowledges that the deed of trust recorded in June 2006—six months after Grencorp obtained the liens on the disputed property, but more than a year before Grencorp recorded the deeds of trust—did not include a description of the disputed parcel.[3] Moreover, it is undisputed that

---

[3] Consequently, *Liberty Bankers* may not take advantage of section 13.001(a)'s protections. Because the deed of trust recorded in June 2006 did not describe the disputed property, Pioneer Austin never conveyed an interest in that land to ARLIC. Accordingly,

No. 13-10731

Grencorp, by filing the deeds of trust in August 2007, perfected its lien on the property and did so two months *before* Liberty Bankers filed a corrected deed of trust in an attempt to fix the allegedly faulty description contained in the deed of trust recorded in June 2006. Consequently, Grencorp is the only party to have both received a security interest in the disputed property and properly recorded that interest. Grencorp is therefore entitled to section 13.001(a)'s protection, which renders void as to Grencorp any conveyance, mortgage, or deed of trust—such as the equitable lien Liberty Bankers now claims—that was not recorded. *See* TEX. PROP. CODE § 13.001(a). And because Liberty Bankers failed to record its claimed conveyance, under Texas law, Grencorp's recorded lien takes priority over any interest that Liberty Bankers possesses. The district court was therefore correct to award summary judgment in Grencorp's favor.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

Liberty Bankers may not be considered "a creditor or . . . a subsequent purchaser." TEX. PROP. CODE § 13.001(a); *Omohundro*, 36 S.W.3d at 682.