**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4150**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JORGE NOEL SAGASTUME, a/k/a Jorge Noel Sagastume-Perez,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:14-cr-00137-PJM-1)

Submitted: October 29, 2015      Decided: November 18, 2015

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Megan E. Coleman, MARCUSBONSIB, LLC, Greenbelt, Maryland, for Appellant. Kelly O. Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Noel Sagastume appeals his conviction and 65-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2012). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but setting forth arguments challenging the validity of Sagastume's guilty plea. The Government has filed a motion to dismiss the appeal on the ground that Sagastume explicitly waived his right to appeal his conviction and sentence in the plea agreement. Although advised of his right to do so, Sagastume has not filed a pro se supplemental brief. For the reasons that follow, we affirm in part and dismiss in part.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy and a review of the record reveals that the defendant understood the full import of the waiver, the waiver is both valid and enforceable. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013 (2013). "The law ordinarily considers a waiver

2

knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances — even though the defendant may not know the specific detailed consequences of invoking it." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal alteration, quotation marks, and emphases omitted). Whether a defendant validly waived his right to appeal is a question of law we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Sagastume knowingly and voluntarily waived his right to appeal his conviction and sentence. Thus, review of any claims raised by Sagastume that fall within the scope of his broad waiver is barred.

On appeal, counsel questions the validity of Sagastume's guilty plea. Specifically, he questions whether the district court adequately complied with the mandates of Rule 11 in accepting Sagastume's guilty plea and whether the district court erred in failing to withdraw his guilty plea when Sagastume stated during sentencing that he was not aware that a mandatory minimum five years sentence would be imposed and that his attorney had informed him that Sagastume could receive a sentence as low as three years' imprisonment.

Sagastume's appellate waiver does not foreclose a challenge to the voluntariness of his plea. See, e.g., United States v. Attar, 38 F.3d 727, 732–33 & n.2 (4th Cir. 1994) (applying rule). Because Sagastume did not move to withdraw his plea, we review his Rule 11 hearing for plain error. Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013); United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). In the guilty plea context, a defendant demonstrates that an error affected his substantial rights by "show[ing] a reasonable probability that, but for the error, he would not have entered the plea." United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks omitted). We conclude that none of these claims are colorable.

The Rule 11 hearing contained three omissions. The district court failed to inform Sagastume: (1) that false statements under oath could result in his prosecution for perjury; (2) that the court could order restitution, and (3) that the court would consider the 18 U.S.C. § 3553(a) (2012) factors in fashioning his sentence. Having reviewed the record, however, we conclude that the court's failure to discuss these three things did not affect Sagastume's substantial rights, and there is no indication that Sagastume would not have pled guilty had the district court's plea colloquy been more exacting. See Massenburg, 564 F.3d at 343.

4

Sagastume's last challenge to the knowing nature of his plea sounds in ineffective assistance. Specifically, he claims that the district court should have allowed him to withdraw his plea when he informed the court at sentencing that he was unaware of the statutory mandatory minimum of five years and that counsel had informed him that he could receive a sentence as low as three years' imprisonment. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Galloway, 749 F.3d 238, 241 (4th Cir.), cert. denied, 135 S. Ct. 215 (2015). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Here, Sagastume's assertion that he was not made aware of the statutory mandatory minimum of five years is simply belied by his statements at the Rule 11 hearing and the plea agreement he knowingly signed. Furthermore, because the record does not conclusively establish ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687-88 (1984), we decline to review these claims on direct appeal.

In accordance with Anders, we have reviewed the entire record in the case and have found no meritorious issues for

5

appeal outside the scope of the appellate waiver. Accordingly, we grant the Government's motion to dismiss Sagastume's appeal of his sentence and affirm his conviction. This court requires that counsel inform Sagastume, in writing, of the right to petition the Supreme Court of the United States for further review. If Sagastume requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sagastume. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>