# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40926
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2016

Lyle W. Cayce
Clerk

In the matter of: JAMES ROBERT WHITAKER,

>    Debtor

----------------------------------------

JAMES ROBERT WHITAKER,

>    Appellant

v.

MORONEY FARMS HOMEOWNERS' ASSOCIATION,

>    Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CV-700

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

---

   \* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this pro se appeal, James Robert Whitaker challenges the bankruptcy court's conclusion, affirmed on appeal by the district court, that some of his debts are non-dischargeable under 11 U.S.C. § 523(a)(4). We find no reversible error in the well-reasoned opinions of those two courts and affirm.

## BACKGROUND

The debt that Whitaker seeks to discharge stems from his role as the president and director of the Moroney Farms Homeowners' Association ("HOA") from January 2006 to July 2007. During this time, a homeowner properly requested documents from the HOA. Whitaker fought the request and incurred substantial attorneys' fees and litigation expenses on behalf of the HOA. Separately, he received money as a personal benefit from a contractor who was performing work for the HOA and also had the HOA reimburse him for personal expenses.

Citing these three episodes, the HOA sued Whitaker for breach of fiduciary duty in the 296th District Court in Collin County, Texas. The state court held a multi-day trial and found Whitaker liable. The state court published findings of fact and conclusions of law and entered a judgment of over $30,000.

Whitaker filed a petition for chapter 7 bankruptcy in January 2010. Among his debts was the state court judgment. The HOA filed a timely adversary proceeding objecting to the discharge of that debt. The bankruptcy court held a trial on the issue of dischargeability and ruled that the debt was non-dischargeable. Whitaker appealed to the district court, which affirmed. Whitaker now appeals to this court.

## DISCUSSION

In this appeal, we review questions of law de novo and factual findings for clear error. *See Gupta v. E. Idaho Tumor Inst., Inc. (In re Gupta)*, 394 F.3d 347, 349 (5th Cir. 2004).

No. 15-40926

The bankruptcy court barred Whitaker from relitigating the essential facts of his state court action in the dischargeability proceeding. We begin with Whitaker's complaints about the bankruptcy court's application of collateral estoppel.

In an adversary proceeding under § 523(a)(4), a bankruptcy court may apply collateral estoppel "to preclude religitation of state court findings that are relevant to dischargeability." *Id.* (citing *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir. 1997)). Here, the bankruptcy court correctly applied Texas's rules of preclusion because the preclusive judgment is from a Texas court. Thus, to have preclusive effect: 1) "the facts sought to be litigated in the second action" must have been "fully and fairly litigated in the prior action," 2) those facts must have been "essential to the judgment in the first action," and 3) the parties (in the second action) must have been "cast as adversaries in the first action." *Schwager*, 121 F.3d at 181 (quoting *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984)).

Whitaker first seems to argue that the bankruptcy court did not apply Texas's rules of preclusion to this case. This argument is without merit; the bankruptcy court applied the proper rules.

Whitaker next argues that the bankruptcy court erred in finding that the facts were "fully and fairly litigated." However, the state court held a multi-day trial and admitted witness testimony and exhibits. The state court published a written, reasoned opinion containing findings of fact and conclusions of law. Furthermore, the testimony before the bankruptcy court more than established "record evidence" that "the state court conducted a hearing in which [Moroney Farms] was put to its evidentiary burden." *Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1245 (5th Cir. 1997). These procedures constituted a full and fair litigation of the facts.

No. 15-40926

The bankruptcy court also correctly found that the facts to be precluded were essential to the state court judgment. The state court made "specific, subordinate, factual findings" on an issue identical to the dischargeability issue: the source of Whitaker's fiduciary duty to the HOA and whether Whitaker knowingly breached that duty. *See Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 273 (5th Cir. 2005).

Finally, there is no question that Whitaker and Moroney Farms were cast as adversaries in the state court action. In sum, the bankruptcy court correctly found the state court judgment against Whitaker to have preclusive effect.

Next, we consider whether Whitaker's debt to Moroney Farms is non-dischargeable under 11 U.S.C. § 523(a)(4) because it stems from "fraud or defalcation while acting in a fiduciary capacity."

Whitaker's status as a fiduciary is a question of federal law. *Gupta*, 394 F.3d at 350. But federal law will recognize state laws as creating a fiduciary relationship. *See Shcolnik v. Rapid Settlements Ltd. (In re Shcolnik)*, 670 F.3d 624, 628 (5th Cir. 2012). Texas has such a law: The directors and officers of a nonprofit corporation (such as the HOA) must discharge their duties "in good faith, with ordinary care, and in a manner the director reasonably believes to be in the best interest of the corporation." Tex. Bus. Orgs. Code §§ 22.221(a), 22.235(a); *see also FNFS, Ltd. v. Harwood (In re Harwood)*, 637 F.3d 615, 620 (5th Cir. 2011) ("Under Texas law, corporate officers and directors owe fiduciary duties to the corporations they serve . . . ."). The provisions of Texas law that Whitaker cites as eliminating his fiduciary status do no such thing. Those provisions merely align the fiduciary duties of nonprofit directors with those of directors in for-profit corporations. The state court found and Whitaker does not dispute that he was a director and officer of the HOA. Thus, Whitaker was a fiduciary under federal law.

4

Defalcation is the neglect of a fiduciary duty. *Shcolnik*, 670 F.3d at 628. The Supreme Court recently clarified that the state of mind necessary to prove defalcation is "one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1757 (2013). The state court concluded that Whitaker breached his fiduciary duties to the HOA when he: 1) "*knowingly* incur[ed] attorney's fees and litigation and settlement expenses on behalf of the [HOA] to oppose a homeowner's proper request for association documents," 2) "*knowingly* sought and received money from the [HOA] for reimbursement of personal expenses," and 3) "*knowingly* sought and received money as a personal benefit from a third party contractor that was performing work paid for by the [HOA]." *See Tex. Soc. v. Fort Bend Chapter*, 590 S.W.2d 156, 164 (Tex. Civ. App.—Texarkana 1979, no pet.) ("[T]he [longstanding] law in this State [is] that a corporate fiduciary may not derive a personal benefit in dealing with the corporation's funds or its property."). In sum, Whitaker knowingly neglected his fiduciary duties and thus committed acts of defalcation.

The bankruptcy court and district court correctly concluded that Whitaker was a fiduciary under federal law and that he committed acts of defalcation while acting in that capacity. Thus, those courts correctly found his debts to the HOA non-dischargeable under § 523(a)(4).

For the foregoing reasons, the judgment is **AFFIRMED**.