# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10967

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2016

Lyle W. Cayce
Clerk

In The Matter of: ODES HO KIM

> Debtor

ODES HO KIM; CHONG ANN KIM,

> Appellants

v.

DOME ENTERTAINMENT CENTER, INCORPORATED,

> Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-452

Before DAVIS, ELROD, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

This appeal, which stems from Odes Ho Kim's involuntary bankruptcy proceeding, concerns whether this court, in a previous judgment, awarded relief to Mr. Kim's wife, Chong Ann Kim. We affirm the district court's conclusion that in our previous decision, *Kim v. Dome Entertainment Center,*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10967

*Inc. (In re Kim)*, 748 F.3d 647, 650 (5th Cir. 2014), this court did not award the Kims relief as contemplated by the parties' settlement agreement.

## I.

As described in our earlier decision, *In re Kim*, 748 F.3d 647, Dome Entertainment Center, Inc. prevailed in a civil suit against Odes Ho Kim, resulting in a $5,000,000 judgment. During that litigation, the Kims purchased a $1,048,028.36 home. After the final judgment, Dome filed an involuntary petition for relief against Mr. Kim under Chapter 7 of the Bankruptcy Code. The bankruptcy court then ordered relief for Dome, and Mr. Kim converted the case to a Chapter 11 proceeding. During the Chapter 11 proceeding, Mr. Kim claimed an unlimited homestead exemption under Texas law and 11 U.S.C. § 522(b)(3)(A) for the home they purchased during the litigation. Following Dome's objection, the bankruptcy court limited the exemption to $136,875 under § 522(p)—the provision adopted by Congress to override state law allowing for full exemptions of property in a bankruptcy proceeding due to homestead interests. Mr. Kim then sought a declaratory judgment in the bankruptcy court to determine Mrs. Kim's rights and claims by virtue of her separate homestead interest under Texas law and 11 U.S.C. § 541. The bankruptcy court granted partial summary judgment for Dome, holding that Mrs. Kim did not have "a separate and distinct exempt homestead interest in the property that would entitle her to compensation or to prevent the sale of the Property."[1] The bankruptcy court found that there was a fact issue as to whether some share of the residence was not community property and thus not part of the bankruptcy estate pursuant to § 541. The Kims appealed, and the district court granted both parties leave to file an interlocutory appeal.

---

[1] *In re Kim*, 405 B.R. 179, 188 (N.D. Tex. Bankr. 2009).

No. 15-10967

During the appeal to the district court, the parties entered into a settlement agreement, under which Mr. Kim executed a promissory note payable to Dome. The amount of the note was contingent on the outcome of the adversary proceeding as described in the Note Adjustment Agreement. The relevant provisions of the agreement provided for a specified reduction in the note payable if the final order of the proceedings awarded Mrs. Kim monetary compensation. Most relevant to this appeal, the agreement also provided for reduction in the note payable if the final order awarded Mrs. Kim nonmonetary relief:

> In the event that a final order disposing of Adversary No. 08-03440 does not award [Chong Ann Kim ("CAK")] monetary compensation for her homestead interest in the Property as of December 21, 2007, but instead awards CAK relief, other than monetary compensation, for her alleged homestead interest in the Property as of December 21, 2007, the value of which such order does not define, and the parties cannot agree on the valuation of such relief, then, on the written demand of either party, [Odes Ho Kim ("OHK")] and [Dome Entertainment Center, Inc. ("DEC")] shall each select a competent and disinterested appraiser and notify the other party of the identity of the selected appraiser within twenty (20) days of such demand. The selected appraisers shall first select and agree upon one competent and disinterested "umpire" for the purpose of resolving a difference of opinion among the two appraiser[s]. . . . The appraisers shall then determine the fair market value of the Debtor's and the Estate's interest in the Property as of December 21, 2007 as encumbered by the non-monetary relief awarded to CAK (the "Property Value"); and failing to agree, shall submit their differences, only, to the umpire. . . .

The district court upheld the bankruptcy court's summary judgment, concluding that Mrs. Kim's homestead interest did not prevent the property from being subject to § 522(p) and that her homestead interest was not a property right that would prevent the forced sale of the residence without just

3

compensation.  The Kims timely appealed to this court, which affirmed.  *In re Kim*, 748 F.3d at 650.

Following this court's affirmance, Dome filed a motion for summary declaratory judgment in the bankruptcy court, seeking determination whether this court awarded monetary or nonmonetary relief to Mrs. Kim under the settlement agreement.  The bankruptcy court granted that motion, holding that this court did not award Mrs. Kim such relief.  The Kims again appealed, and the district court affirmed the bankruptcy court's order.  This appeal followed.

## II.

We review the bankruptcy court's summary judgment de novo.  *Shcolnik v. Rapid Settlements Ltd. (In re Shcolnik)*, 670 F.3d 624, 627 (5th Cir. 2012).  We apply the same standard as the district court, affirming summary judgment if the evidence, taken in the light most favorable to the nonmovant, creates a genuine dispute of material fact.  *Id.*; Fed. R. Civ. P. 56(a).

In reviewing the summary judgment, we must determine whether this court awarded Mrs. Kim nonmonetary relief in *In re Kim*, 748 F.3d 647, which would be cognizable under the above-described settlement agreement.[2]  The Kims acknowledge that this court affirmed the district court's holding that Mrs. Kim had no right to prevent the forced sale of the property and was only entitled to the capped homestead interest under § 522(p).  Therefore, it appears to us, as it did to the bankruptcy and district courts, that this court did not award any form of relief to Mrs. Kim in the previous appeal.  The Kims' only argument to the contrary is that this court awarded nonmonetary relief through its conclusion—which differed from the reasoning of the bankruptcy and district courts—that "[h]omestead rights have *some* value *to a spouse*,

---

[2] The Kims do not argue that this court awarded Mrs. Kim monetary compensation.

separate and apart from an ownership interest in the real property on which homestead rights are impressed," *In re Kim*, 748 F.3d at 661.

To address the Kims' argument, we first look to the text of the Note Adjustment Agreement.  Whether we apply Texas law or the general principles of contract interpretation, we look to the express language of the writing to determine the intention of the parties.  *See Houston v. Holder (In re Omni Video, Inc.)*, 60 F.3d 230, 232 (5th Cir. 1995) (discussing application of state or federal law in bankruptcy cases); *United States v. Chromalloy Am. Corp.*, 158 F.3d 345, 350 (5th Cir. 1998) (applying general principles of contract interpretation); *Pirani v. Baharia (In re Pirani)*, --- F.3d ---, 2016 WL 3063261, at *5 (5th Cir. May 27, 2016) (applying Texas law).  The express language of the agreement is clear, and our court's previous final judgment did not award the Kims any relief under that clear language.[3]  *See Relief*, Black's Law Dictionary (10th ed. 2014) ("The redress or benefit, esp. equitable in nature (such as an injunction or specific performance), that a party asks of a court.").

The Kims are correct that our previous conclusion that "homestead rights have *some* value *to a spouse*" was contrary to the bankruptcy and district courts' holdings that Mrs. Kim did not have a vested property interest in the homestead exemption allowing for possession of the property or compensation from a forced sale.  *In re Kim*, 748 F.3d at 661.  This court recognized that Mrs. Kim had "a possessory interest in the real property by virtue of its homestead character."  *Id.* at 661.  Despite that difference, we affirmed the district court's judgment, concluding that the Kims failed to

---

[3] Even if we were to conclude that "relief" was ambiguous, the only extrinsic evidence the Kims put forth to support their argument is an email that expressly anticipated that this court *could* conclude that the home could not be sold as part of the estate, which this court did not hold.  *In re Kim*, 748 F.2d at 663.

No. 15-10967

adequately brief whether "the determination by Congress to permit an exemption of $136,875 for a debtor such as Mr. Kim would not be just compensation for Mrs. Kim's homestead interest since $136,875 in proceeds would be impressed with her homestead rights," or to address the applicability of 11 U.S.C. § 363(j).[4]  *Id.* at 663.   This court also explicitly rejected the argument that Mrs. Kim's homestead interest precluded the forced sale of the property.  *Id.* at 654–56.   Therefore this court did not award Mrs. Kim any monetary compensation, above and beyond the $136,875 already awarded to Mr. Kim, and by affirming the district court's judgment, it did not award Mrs. Kim any relief at all.  We conclude that this court's final judgment did not award Mrs. Kim any relief as contemplated by the express language of the settlement agreement.

### III.

We AFFIRM the district court's affirmance of the bankruptcy court's summary judgment for Dome Entertainment Center, Inc.

---

[4] The parties stipulated that the property was not Mrs. Kim's separate property, which precluded the discussion of whether the property was not part of the estate under § 541.  *In re Kim*, 748 F.3d at 656.